SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**ANDREW R. DOYLE, OSB #123086**
Special Assistant United States Attorney
Andrew.Doyle@dcda.us
United States Attorney's Office
405 East 8th Ave., Suite 2400
Eugene, OR 97401
Telephone: (541) 760-7486
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**UNITED STATES OF AMERICA**

**v.**

**EDWARD FRANCIS JONES,**

**Defendant.**

**3:26-cr-00202-AN**

**GOVERNMENT'S SENTENCING MEMORANDUM**

**Introduction**

*"Insanity is doing the same thing over and again but expecting different results."*[1]

On November 6, 2025, Edward Francis Jones eluded deputies in Warm Springs, Oregon, fleeing from his car and leaving behind a loaded 9MM handgun with an obliterated serial number on the driver's seat. He was not apprehended. The very next month, on December 12,

[1] Although often attributed to Albert Einstein, this quote appears to have originated in the 1983 novel *Sudden Death*, written by Rita Mae Brown.

2025, Mr. Jones again eluded Warm Springs police officers, this time on a UTV. Once again, he was not apprehended. Fast forward one more month, and on January 7, 2026, Mr. Jones eluded Jefferson County law enforcement in a vehicle at speeds of up to 130 miles per hour, once again fleeing his vehicle on foot ("foot bailing"), and, again, leaving behind a 9MM handgun with an obliterated serial number inside the abandoned car. This time, however, Mr. Jones *was* apprehended and taken into custody – where he has remained until today.

There is no other way to put it – Mr. Jones's conduct in this case was dangerous, reckless, and egregious. Additionally, Mr. Jones, at the time of these offenses, was on federal Supervised Release based on convictions from two 2020 Felon in Possession cases. In other words, Mr. Jones, who was on supervised release for illegally possessing firearms…was once again caught illegally possessing firearms. That all having been said, Mr. Jones did accept responsibility and agree to resolve his case short of trial or litigation. And there were issues worthy of litigation.

For all these reasons – factoring in both the good and the bad – the parties are *jointly* recommending a sentence of **180 months' imprisonment**, followed by a term of three years of supervised release. The parties are also recommending that this sentence run concurrently across all counts and cases set before the Court.

**Factual Background**

**A. The Offense Conduct**

Mr. Jones's current predicament began in 2020. On October 13, 2020, Mr. Jones was sentenced to a total of 51 months' imprisonment in connection with two Federal Felon in Possession cases/convictions. A three-year term of supervised release then began on November 15, 2023. In May of 2025, Mr. Jones absconded from his federal supervision, and a federal arrest warrant was issued (PSR ¶ 13).

On November 6, 2025, officers with the Warm Springs (Oregon) Police Department observed a possibly stolen motor vehicle. As they attempted to identify the vehicle, it drove into a large grassy area at a high rate of speed. A lights and sirens chase ensued. After striking something with the car and ditching it, the defendant, later identified as Mr. Jones, fled from the vehicle on foot, jumping a fence in the process (PSR ¶ 14). Mr. Jones was not apprehended at this time. Officers returned to the abandoned vehicle and discovered a 9MM handgun with an obliterated serial number sitting on the driver's seat; the handgun was also loaded with a 17-round magazine (PSR ¶ 15).

On December 12, 2025, agents with the United States Marshals Service located Mr. Jones at a house on the Warm Springs Indian Reservation (he was wanted for multiple purposes at this point). As the US Marshals approached the house, Mr. Jones fled from the residence on a side-by-side UTV, once again eluding law enforcement and disappearing through a hole in a fence (PSR ¶ 16). An associate of Mr. Jones, who was present for all of this action, informed law enforcement that Mr. Jones had escaped down a cliff and had "multiple" firearms in his possession (PSR ¶ 16).

On January 7, 2026, Jefferson County Sheriff's Office deputies located Mr. Jones driving a vehicle in Jefferson County. After positioning their vehicles behind Mr. Jones, he eluded in his motor vehicle at speeds up to 130 miles per hour (PSR ¶ 17). After crashing into a ditch, Mr. Jones ran from the scene but was later apprehended roughly 100 yards away (with the assistance of a drone) (PSR ¶ 17). During a search of the abandoned vehicle, law enforcement located another 9MM handgun with an obliterated serial number and fully loaded 17-round magazine (PSR ¶ 19).

Based on all the above, Mr. Jones was arrested on January 7, 2026. He made his initial appearance in Federal Court on January 14, 2026, and has been in custody since that time. On June 22, 2026, Mr. Jones waived Indictment and pled guilty to a two-count Information alleging violations of 18 U.S.C. § 922(g)(1) (PSR ¶ 1-2).

### B. The Charges and Plea Agreement

As noted above, Mr. Jones pled guilty to two counts of federal felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). As will be explained more fully below, the applicable Sentencing Guidelines "math" places the recommended sentence above 180-months, however, the counts themselves have a maximum sentence of 180-months. Accordingly, the agreement between the parties is for a sentence of 180 months' incarceration, followed by three years of supervised release, with a recommendation that this time be concurrent across all cases and counts before the Court (PSR ¶ 8).[2]

### C. Pretrial Release

Since his time in custody, Counsel is unaware of any issues for Mr. Jones. To the contrary, he has seemingly been a model citizen while detained.

### D. Guidelines Computation

| **Count 1: 18 U.S.C. § 922 (g)(1) – Felon in Possession of Firearm** | | |
|---|---|---|
| USSG §2K2.1(a)(1) | Base Offense Level | 26 |
| USSG §2K2.1(b)(4)(B)(i) | Obliterated Serial Number | +4 |
| USSG §2K2.1(b)(7)(B) | Connection with Other Felony | +4 |
| USSG §3C1.2 | Reckless Endangerment/Flight | +2 |
| USSG §3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | **Total Offense Level** | **33** |

[2] Specifically, cases 3:19-CR-00350-001-AN and 3:20-CR-00191-AN.

The base offense level in this case is 26, based upon Mr. Jones having two prior felony convictions for "crimes of violence," as well as the offense involving semiautomatic handguns capable of accepting high-capacity magazines (PSR ¶ 22). Due to the serial numbers being obliterated, the parties applied a +4 adjustment (the PSR applied +3) (PSR ¶ 30). Due to the connection with State felony eludes, another +4 applies (PSR ¶ 31). Additionally, given the nature of said eludes, which were reckless and endangered the public (as noted above, speeds of up to 130 mph), another +2 applies (PSR ¶ 23-25). Based on Mr. Jones accepting responsibility and resolving his case, a -3 applies for a total offense level of 33 (32 as set forth in the PSR).

**E. Criminal History**

The Government agrees with and adopts the criminal history for Mr. Jones, as outlined within the PSR. Mr. Jones has a criminal history score of thirteen, and his corresponding category is thus VI (PSR ¶ 51).

**F. Argument**

The quote at the beginning of this sentencing memo, while partially tongue-in-cheek, is entirely applicable to Mr. Jones. From the Government's perspective, Mr. Jones is the quintessential example of "that escalated quickly." Mr. Jones, at the time of these offenses, was on supervised release for the very crimes he is now pleading to for a second time (or more accurately, a fourth time). The offenses in this new case involved unserialized firearms, fast vehicular eludes, and foot bails – a most dangerous combination. From that perspective, the joint recommendation of 180 months' imprisonment almost seems light.

At the same time, however, Mr. Jones has not had the easiest upbringing. As noted in the PSR, he has struggled with alcohol issues, concussions, homelessness, and gang affiliation for more than 20 years. Counsel will not rehash everything said in the PSR, but will simply note

that, as a former State Public Defender, he is uniquely sympathetic to these issues and understands that they absolutely played a role in the criminal conduct in this case. No defendant should be evaluated in a vacuum, and the Government hopes that Mr. Jones understands that his circumstances were certainly a factor in this case.

For those reasons, the recommended sentence can best be described as a "balancing act" amongst several data points. Could the Government have sought additional incarceration time, based on the pending SRV cases and multiple counts? Sure. But could Mr. Jones have further litigated certain issues in this case? Also, yes. It should be noted that this case was heavily negotiated by multiple AUSAs and FDs (and even one SAUSA). Mr. Jones is undergoing a quantum leap, going from a previous sentence of 51 total months' incarceration to 180 months here. From the Government's perspective (or at least the perspective of this SAUSA), that figure reflects the seriousness of the conduct, while also respecting Mr. Jones's unique personal circumstances and willingness to resolve the case. Although his Guidelines range is higher than 180, this sentence represents a "stat max" sentence for a 922g charge.[3] Although this SAUSA practices primarily in State Court, it is his personal experience that such sentences are rare – and reserved for serious offenses. During Mr. Jones's plea hearing, he corrected counsel on the record – noting that there was actually an extended magazine (or something similar) present on scene. Again, at least after his arrest, Mr. Jones has been open, honest, and willing to resolve these cases.

/ / /

/ / /

[3] As noted in the PSR, the USSG range is 210-262 months' imprisonment.

For all these reasons, the Government's recommended sentence satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2). The parties jointly, and respectfully, ask the Court to adopt it.

**Conclusion**

Based on the foregoing, the parties jointly and respectfully recommend a sentence of **180 months' imprisonment**, followed by a term of supervised release of three years.

Dated: October 1, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Andrew R. Doyle*
ANDREW R. DOYLE; OSB #123086
*Special* Assistant United States Attorney